UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEAUDOIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STAN SCHLACHTER,<br><br>　　　　　Defendant. | No. 2:13-cv-2601 MCE CKD P<br><br><br>ORDER |

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, defendant has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on two alternative grounds: (1) plaintiff has failed to exhaust his administrative remedies and (2) plaintiff's claims are barred by the applicable statute of limitations. (ECF No. 15.)

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, ___ F.3d ___, 2014 WL 1317141, at *1 (9th Cir. April 3, 2014) (en banc). Following the decision in Albino, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a

1

motion for summary judgment. <u>Albino</u>, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. <u>Albino</u>, at *4.

Here, plaintiff's failure to exhaust administrative remedies is not clear on the face of the complaint. Thus the undersigned will partially dismiss defendant's motion as to the affirmative defense of failure to exhaust administrative remedies, without prejudice to defendant's renewing this defense in a motion for summary judgment. Plaintiff is therefore advised that, in responding to the instant motion, he need only address the argument that his claims are time-barred.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss (ECF No. 15) is partially dismissed as to the ground that plaintiff has failed to exhaust administrative remedies, without prejudice to renewal in a motion for summary judgment; and

2. Plaintiff is granted thirty days from the date of this order to respond to defendant's remaining ground that plaintiff's claims are time-barred.

Dated: April 30, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / beau2601.albino