UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE BEAUDOIN, | No. 2:13-cv-2601 MCE CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STAN SCHLACHTER, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that defendant, a physical therapist at Mule Creek State Prison, sexually assaulted him during physical therapy sessions over a six-month period.  Before the court is defendant's motion to dismiss the complaint as time-barred.  (ECF No. 15; see ECF No. 16.)  Plaintiff has filed an opposition (ECF No. 17), and defendant has filed a reply (ECF No. 18).  Having carefully considered the record and the applicable law, the undersigned will recommend that defendant's motion be granted.

I. Factual and Procedural History

Plaintiff commenced this action on December 16, 2013.  (ECF No. 1.)  He alleges that, at all relevant times, he was a disabled inmate housed at Mule Creek State Prison ("MCSP").  Id., ¶ 4.)  Defendant was employed as a Physical Therapist at MCSP.  (Id., ¶ 5.)  Plaintiff alleges that "[i]n 2009-2010, on six separate occasions," defendant sexually assaulted him during physical

1

therapy sessions in defendant's office, while guards waited outside.  (Id., ¶ 6.)  Plaintiff "feared the guards and MCSP Administrative Staff would retaliate if plaintiff reported the sexual assaults."  (Id., ¶ 8.)  In July 2012, plaintiff heard that defendant had been fired and that two other inmates had reported being sexually assaulted by him.  (Id., ¶ 9.)  "So because of these learned facts . . . and the fact that [defendant] was gone, plaintiff felt safe enough to seek relief . . . in this action . . . [a]nd to report these above mentioned assaults[.]"  (Id., ¶¶ 10-11.)

Documents attached to the complaint indicate that, after being injured in a car accident at MCSP and undergoing back surgery, plaintiff was seen by defendant in physical therapy sessions for six months, between March 27, 2009 and July 24, 2009.  (Id. at 5, 15.)

Defendant submits records of plaintiff's administrative appeals concerning the alleged sexual abuse.  (ECF No. 15-1.)  Plaintiff filed his first appeal (No. MCSP-A-12-01557) on September 5, 2012.  (Id. at 5-7.)  On September 24, 2012, in a Second Level Response, the appeal was "PARTIALLY GRANTED in that: This matter has been referred to the Office of Internal affairs for a follow-up and a possible investigation. . . . [Y]ou will be notified upon the completion of that inquiry whether it was determined that staff did, or did not, violate policy."  (Id. at 14, 17.)

On December 10, 2012, the Officer of the Inspector General issued a letter to plaintiff stating that it had conducted a review into his allegations and determined that no intervention was warranted.  (ECF No. 1 at 38.)  It added:  "If you have not done so already, we encourage you to continue using available administrative grievance remedies."  (Id.)  From the log documenting Appeal No. MCSP-A-12-01557, it does not appear that plaintiff pursued his administrative appeal at the Third Level of Review.  (See ECF No. 15-1 at 14.)

On February 10, 2013, plaintiff filed a tort claim with the California Victim Compensation and Government Claims Board ("Board") concerning the alleged sexual assault.[1]  (ECF No. 1 at

---

[1] Before a state law claim can be brought, whether in state or federal court, the California Tort Claims Act ("CTCA) requires that a claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Govt. Code §§ 905, 911.2, 945.4, 950.

1  23-28.) On May 10, 2013, the Board wrote to plaintiff that his claim was late, as it was
2  "presented to the Board more than six months from the date of the incident." (Id. at 33.) Plaintiff
3  submitted an application to file a late claim, which was received on May 24, 2013. (Id. at 31.)
4  On June 11, 2013, the Board notified plaintiff that it was reviewing his claim and late claim
5  application and would respond in approximately three months. (Id.) On August 23, 2013, the
6  Board denied his application to present a late claim. (Id. at 32.)
7  On December 9, 2013, plaintiff constructively filed the instant federal action. (Id. at 3.)
8  II. Legal Standard
9  Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of
10 limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 265 (1985); Jones v.
11 Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, a two-year statute of limitations applies.
12 See Cal. Code Civ. P. § 335.1; Jones, 393 F.3d at 927. The federal court also applies the forum
13 state's law regarding tolling, including equitable tolling when not in conflict with federal law.
14 Hardin v. Straub, 490 U.S. 536, 537–39 (1989); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir.
15 1999), cert. denied, 529 U.S. 1117 (2000). California provides that when a litigant is
16 incarcerated, the applicable limitations period is tolled for two years on grounds of "disability."
17 Cal. Code Civ. P. § 352.1(a). This tolling provision operates to delay the running of the
18 limitations period, effectively extending the two-year personal injury limitations period to four
19 years for inmates. See Carlson v. Blatt, 87 Cal.App.4th 646, 650, (2001) (imprisonment tolls
20 running of limitations period for two years from accrual of cause of action); Fink, 192 F.3d at 914
21 (same); Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (same). Accordingly,
22 California inmates have a total of four years from the accrual of a cause of action to file a
23 complaint.
24 The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of
25 limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926,
26 942–43 (9th Cir. 2005).
27 /////
28 /////

III. Discussion

The parties agree that the assaults allegedly occurred between March 27, 2009 and July 24, 2009. It is undisputed that, for the nineteen days between September 5, 2012 and September 24, 2012, plaintiff was pursuing administrative remedies. Adding four years and nineteen days to the July 24, 2009 accrual date, the deadline for filing a complaint was August 12, 2013. Even construing the record to indicate that plaintiff was pursuing administrative remedies until December 10, 2012, when the Officer of the Inspector General wrote to him that it would not intervene, this additional 77 days of tolling would make the filing deadline for this action October 28, 2013.

Plaintiff constructively filed this action on December 9, 2013. In his opposition, he explains that he was "under the assumption that he had to complete the appeal process before you can file a civil complaint." (ECF No. 17 at 2.)

Though neither party addresses this point, the court considers whether plaintiff's pursuit of an administrative remedy under the CTCA warrants additional tolling. In Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001) (en banc) and Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993), the Ninth Circuit applied California's equitable tolling doctrine to exclude from the limitations period that time that non-prisoner plaintiffs were pursing administrative actions and/or state court proceedings against the defendants. "In determining whether a plaintiff is entitled to equitable tolling under California law, courts apply a three-pronged test. The three elements of the test are: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Lucchesi v. Bar-O Boys Ranch, 353 F.3d 691, 694-695 (9th Cir. 2003), citing Collier v. City of Pasadena, 142 Cal.App.3d 917, 924 (1983). In Lucchesi, plaintiffs pursuing a § 1983 claim against county officials were entitled to equitable tolling during the pendency of their related tort claim under the CTCA, as "[t]he filing of such a claim . . . constitutes a good faith pursuit of a legal remedy designed to lessen the extent of a plaintiff's damages." 353 F.3d at 696.
/////

The instant case must be distinguished from <u>Lucchesi</u>, however, as plaintiff did not provide "timely notice" to defendant by filing a CTCA claim. Rather, he submitted his tort claim to the Board on February 10, 2013 – far more than six months after the July 24, 2009 accrual date – and it was rejected for untimeliness. Under California's equitable tolling doctrine, plaintiff's filing of a late tort claim would not toll the limitations period. See <u>Tarkington v. California Unemployment Ins. Appeals Bd.</u>, 172 Cal. App. 4th 1494, 1503 (2009) ("The timely notice requirement essentially means that the first claim must have been filed within the statutory period.") (citation omitted); <u>see</u> Cal. Prac. Guide Civ. Pro. Before Tr. Stat. of Limitations § 6:31 (2014). Absent tolling during the period in which plaintiff pursued a remedy under the CTCA, plaintiff's complaint is untimely.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss for untimeliness (ECF No. 15) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / beau2601.mtd